FILED
 2011 Mar-31  PM 05:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| RODNEY DAVIDSON, et. al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:09-cv-0736-PWG |
| ) | |
| WORLDTEX, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

This is an ERISA action. The court has previously entered an order (Doc. 40), adopting and accepting a report and recommendation ("R&R") of the magistrate judge, that awarded summary judgment on liability in favor of the plaintiffs, Rodney Davidson, Burley Davis, Tommy Fung, Jerry Wayne Johnson, Tim Lewis, Jerry Sturm, and Angela Patterson (collectively the "plaintiffs"), against one of the defendants, Premier Narrow Fabrics, Inc. ("PNF"). The matter is before the court for consideration of a second R&R entered by the magistrate judge on January 6, 2011 (Doc. 57), which recommended the resolution of the following pending motions:

(1)  an "original" motion filed by all plaintiffs except Angela Patterson, and an "amended" version filed by all plaintiffs, both of which ask the court to enter a final judgment against defendant PNF, including an award of money damages, pre-judgment interest, attorney's fees, and costs, based upon the summary judgment order establishing PNF's liability (Docs. 46 & 50);

(2)  a "renewed motion" by plaintiffs that also seeks a final judgment against PNF, noting that PNF had failed to respond to the plaintiffs' prior motions for entry of final judgment (Doc. 53); a motion by plaintiffs to withdraw said "renewed motion" for final judgment (Doc. 54) and to substitute a "renewed amended" version of the motion that also asks the court to enter a final judgment against PNF (Doc. 55);

(3) a motion filed by Worldtex on July 1, 2010 seeking an extension of time until August 2, 2010, to respond to interrogatories and requests for production propounded to it by the plaintiffs (Doc. 45); and

(4) a motion filed by the plaintiffs on August 30, 2010, seeking entry of a default judgment against defendants Worldtex and the Worldtex SAP on the grounds that they have failed to answer discovery (Doc. 52).

No objections have been filed by any party pursuant to Rule 72(b) of the *Federal Rules of Civil Procedure*. Having carefully reviewed and considered de novo all the materials in the court file, the court is of the opinion that the magistrate judge's R&R (Doc. 57) is due to be and hereby is ADOPTED and his recommendation is ACCEPTED, with a change regarding the respective principal amounts owed to plaintiffs Fung and Johnson and clarification as it relates to the amount of pre-judgment interest owed by PNF to each plaintiff, as set forth below.

## I. DISCUSSION

### A. Documents 46 and 54

For the reasons set forth in the magistrate judge's R&R, the original motion filed by all plaintiffs except Angela Patterson seeking entry of final judgment against defendant PNF (Doc. 46) is due to be deemed MOOT, and the plaintiffs' motion to withdraw Document 53 and substitute Document 55 (Doc. 54) is due to be GRANTED.

### B. Documents 50 and 55

The amended and renewed motions filed by all plaintiffs for entry of final judgment against PNF (Docs. 50 & 55) are considered together and are due to be GRANTED as follows: Each respective plaintiff is entitled to a sum representing ERISA benefits wrongfully denied, as follows:

Rodney Davidson - $20,061.66;

Burley Davis - $10,428.00;

  Tommy Fung - $4,807.38[1]

  Jerry Wayne Johnson - $12,096.30[2]

  Timothy Lewis - $17,123.04;

  Angela Patterson - $8,423.04; and

  Jerry Sturm - $11,442.34.

The plaintiffs acknowledge that these amounts are subject to payment of appropriate federal and state taxes and FICA matching requirements.

  Each plaintiff is entitled to prejudgment interest on these amounts, using a simple interest method at a 6% annual rate, to be applied to the amount of each missed installment payment on the date that each respective payment became due. The plaintiffs have not provided the court with a calculation of the specific amounts due each plaintiff that would follow from such method of calculation nor have such amounts been calculated in the magistrate judge's R&R. However, after review of the evidentiary materials the plaintiffs submitted in support of the original motion for a default judgment against PNF, (see Docs. 13 & 15), the court calculates the amount of prejudgment interest owed by PNF to each plaintiff to be as follows:

---

[1]  In their motion for entry of a default judgment against PNF, the plaintiffs state that PNF agreed to pay plaintiff Tommy Fung benefits in the amount of $13,220.31 and paid him $9,614.76, leaving a balance of $3,605.56. (Doc. 50 at 4, ¶ D, citing Doc. 13 at 42 of 107). That latter amount is the figure cited in the R&R as the principal amount owed to Fung. The court notes, however, that Fung states in his affidavit at the cited page that he was paid only $8,412.93, leaving a balance of $4,807.38. The higher figure cited in Fung's affidavit is accepted here.

[2]  In the R&R, the magistrate judge indicated that PNF *failed* to pay plaintiff Jerry Wayne Johnson $4,269.12 owed under his separation agreement. (Doc. 57 at 3). However, the plaintiffs motion and evidentiary materials, including Johnson's affidavit, show that such is the amount that Johnson was actually *paid*; under his agreement, he was owed a total of $16,365.42, leaving a *balance* of $12,096.30, which is the figure accepted here.

Rodney Davidson - $2,559.10[3] (through March 31, 2011, accruing an additional $3.28 per day thereafter until a judgment is actually entered)

Burley Davis - $1,354.20[4] (through March 31, 2011, accruing an additional $1.74 per day until judgment is actually entered)

---

[3] The total amount due plaintiff Davidson under his separation agreement was $27,584.70. Davidson was receiving bi-weekly installments of $2,507.68, which would leave 22 cents remaining due at the end of 11 pay periods. That remainder has simply been added to the amount due on the final installment. Interest for each plaintiff is calculated based on a 6% simple annual rate, beginning on the date each installment became due, through March 31, 2011.

| Installment | Amount Due | Due Date | Interest |
|---|---|---|---|
| (1) | $2,507.68 | 11/14/08 paid | |
| (2) | $2,507.68 | 11/28/08 paid | |
| (3) | $2,507.68 | 12/12/08 paid | |
| (4) | $2,507.68 | 12/26/08 | $340.08 |
| (5) | $2,507.68 | 1/9/09 | $334.31 |
| (6) | $2,507.68 | 1/23/09 | $328.54 |
| (7) | $2,507.68 | 2/6/09 | $322.77 |
| (8) | $2,507.68 | 2/20/09 | $317.00 |
| (9) | $2,507.68 | 3/6/09 | $311.23 |
| (10) | $2,507.68 | 3/20/09 | $305.46 |
| (11) | $2,507.90 | 4/3/09 | $299.71 |

[4] The total amount due plaintiff Davis under his separation agreement was $15,642.00. Davis was paid three of nine owed bi-weekly installments of $1,738.00 each, as set forth below.

| Installment | Amount Due | Due Date | Interest |
|---|---|---|---|
| (1) | $1,738.00 | 11/14/08 paid | |
| (2) | $1,738.00 | 11/28/08 paid | |
| (3) | $1,738.00 | 12/12/08 paid | |
| (4) | $1,738.00 | 12/26/08 | $235.70 |
| (5) | $1,738.00 | 1/9/09 | $231.70 |
| (6) | $1,738.00 | 1/23/09 | $227.70 |
| (7) | $1,738.00 | 2/6/09 | $223.70 |
| (8) | $1,738.00 | 2/20/09 | $219.70 |
| (9) | $1,738.00 | 3/6/09 | $215.70 |

Tommy Fung - $640.90[5] through March 31, 2011 (accruing an additional $0.80 per day until judgment is actually entered)

Jerry Wayne Johnson - $1,535.65[6] through March 31, 2011 (accruing an additional $1.96 per day until judgment is actually entered)

---

[5] The total due plaintiff Fung under his separation agreement was $13,220.31. His separation agreement states that he was to receive bi-weekly installment payments at his then-current bi-weekly pay rate, which appears to have been $2,403.69. However, Fung claims in his affidavit that he was paid three installments as set forth below, with the last payment coming on or before December 12, 2008. He thus indicates that he was paid $8,412.93 as of that date, although under his agreement he was only supposed to have been paid $7,211.07 by that time. The court therefore applies the excess paid, $1,201.86, towards the next, "fourth" installment. So interest on that fourth installment is based on an amount owed of $1,201.83. Interest on the fifth installment is based on an amount owed of $2,403.69, while the interest on the sixth is based on an amount owed of $1,201.86.

| Installment | Amount Due | Due Date | Interest |
|---|---|---|---|
| (1) | $2,403.69 | 11/14/08 ($2,403.70 paid) | |
| (2) | $2,403.69 | 11/28/08 ($4,807.39 paid) | |
| (3) | $2,403.69 | 12/12/08 ($1,201.85 paid) | |
| (4) | $2,403.69 | 12/26/08 | $162.99 |
| (5) | $2,403.69 | 1/09/09 | $320.45 |
| (6) | $1,201.86 | 1/23/09 | $157.46 |

[6] The total due plaintiff Johnson under his separation agreement was $16,365.42, which he was to receive in bi-weekly installments based on his then-current pay rate, $1,423.04. That would result in receipt of eleven bi-weekly installments in that amount, plus a final "half" installment of $ 711.98. Johnson claims that he only received the first three installments, as set forth below.

| Installment | Amount Due | Due Date | Interest |
|---|---|---|---|
| (1) | $1,423.04 | 11/14/08 paid | |
| (2) | $1,423.04 | 11/28/08 paid | |
| (3) | $1,423.04 | 12/12/08 paid | |
| (4) | $1,423.04 | 12/26/08 | $192.99 |
| (5) | $1,423.04 | 1/09/09 | $189.71 |
| (6) | $1,423.04 | 1/23/09 | $186.44 |
| (7) | $1,423.04 | 2/6/09 | $183.16 |
| (8) | $1,423.04 | 2/20/09 | $179.89 |
| (9) | $1,423.04 | 3/6/09 | $176.61 |
| (10) | $1,423.04 | 3/20/09 | $173.34 |
| (11) | $1,423.04 | 4/3/09 | $170.06 |
| (12) | $ 711.98 | 4/17/09 | $ 83.45 |

Timothy Lewis - $2,184.24[7] through March 31, 2011 (accruing an additional $2.80 per day until judgment is actually entered)

Angela Patterson - $1,093.83[8] through March 31, 2011 (accruing an additional $1.38 per day until judgment is actually entered)

---

[7] The total amount due Lewis under his separation agreement is $23,544.18, which would result in eleven installments of $2,140.38 each.  Lewis claims he received only the first three installments, as set forth below.

| Installment | Amount Due | Due Date | Interest |
|---|---|---|---|
| (1) | $2,140.38 | 11/14/08 paid | |
| (2) | $2,140.38 | 11/28/08 paid | |
| (3) | $2,140.38 | 12/12/08 paid | |
| (4) | $2,140.38 | 12/26/08 | $290.27 |
| (5) | $2,140.38 | 1/9/09 | $285.34 |
| (6) | $2,140.38 | 1/23/09 | $280.42 |
| (7) | $2,140.38 | 2/6/09 | $275.49 |
| (8) | $2,140.38 | 2/20/09 | $270.57 |
| (9) | $2,140.38 | 3/6/09 | $265.64 |
| (10) | $2,140.38 | 3/20/09 | $260.72 |
| (11) | $2,140.38 | 4/3/09 | $255.79 |

[8] The total amount owed plaintiff Patterson under her separation agreement was $14,038.40, payable in ten bi-weekly installments of $1,403.84 each.  She asserts that she received only the first four installments, as set forth below.

| Installment | Amount Due | Due Date | Interest |
|---|---|---|---|
| (1) | $1,403.84 | 11/1/08 paid | |
| (2) | $1,403.84 | 11/14/08 paid | |
| (3) | $1,403.84 | 11/28/08 paid | |
| (4) | $1,403.84 | 12/12/08 paid | |
| (5) | $1,403.84 | 12/26/08 | $190.38 |
| (6) | $1,403.84 | 1/9/09 | $187.15 |
| (7) | $1,403.84 | 1/23/09 | $183.92 |
| (8) | $1,403.84 | 2/6/09 | $180.69 |
| (9) | $1,403.84 | 2/20/09 | $177.46 |
| (10) | $1,403.84 | 3/6/09 | $174.23 |

Jerry Sturm - $1,470.89[9] through March 31, 2011 (accruing an additional $1.89 per day until judgment is actually entered).

For the reasons stated in the R&R, the plaintiffs are also entitled to an award of reasonable attorney's fees in the amount of $53,060.00, and costs in the amount of $350.00. The amended and renewed motions filed by all plaintiffs for entry of final judgment against PNF (Docs. 50 & 55) are otherwise due to be DENIED.

Finally, the plaintiffs' motion for entry of a default judgment against Worldtex, Inc. and against the Worldtex Separation Agreement Program (Doc. 52) is due to be DENIED at this time.

Separate orders will be entered regarding the entry of judgment in the plaintiffs' favor against PNF and regarding the formal disposition of the other motions at issue.

As to the foregoing it is SO ORDERED this the 31st day of March, 2011.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] The total amount owed plaintiff Sturm under his separation agreement is $16,346.20, payable in ten bi-weekly installments of $1,634.62 each. Sturm claims that he only received the first three payments, as set forth below.

| Installment | Amount Due | Due Date | Interest |
|---|---|---|---|
| (1) | $1,634.62 | 11/14/08 paid | |
| (2) | $1,634.62 | 11/28/08 paid | |
| (3) | $1,634.62 | 12/12/08 paid | |
| (4) | $1,634.62 | 12/26/08 | $221.41 |
| (5) | $1,634.62 | 1/9/08 | $217.65 |
| (6) | $1,634.62 | 1/23/09 | $213.89 |
| (7) | $1,634.62 | 2/6/09 | $210.13 |
| (8) | $1,634.62 | 2/20/09 | $206.37 |
| (9) | $1,634.62 | 3/6/09 | $202.60 |
| (10) | $1,634.62 | 3/20/09 | $198.84 |